UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RONNIE COLEMAN** | **CIVIL ACTION NO. 08-998-P** |
| **VERSUS** | **JUDGE STAGG** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ronnie Coleman ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 8, 2008. Plaintiff claims that while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, his civil rights were violated by prison officials. He names Sheriff Steve Prator, D.L. Reed, and Deputy Mitts as defendants.

Plaintiff claims that on May 29, 2008, inmates were called out on the tier for dinner. He claims he and a white inmate asked to return to their cells to get their eating utensils. He claims Deputy Mitts told him he could get his utensils and be punished or do without. He claims Deputy Mitts allowed the white inmate to get his utensils from his cell without any threats of disciplinary action.

Plaintiff claims that he was unable to eat his meal satisfactorily without his cup and spoon. He claims he was denied juice because he did not have his cup and was forced to eat

with his hands. He claims he was belittled in front of others and this caused him emotional distress, physical discomfort, dizziness, stomach cramps, fear, and embarrassment. He claims he feared for his safety and life. He claims the other inmates taunted him because he was forced to eat like an animal.

Plaintiff claims Sgt. Reed attempted to have him deny the incident occurred through intimidation.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Discrimination**

Plaintiff claims that a white inmate was allowed to return to his cell to retrieve his eating utensils without threat of disciplinary action. Plaintiff claims that he is a black inmate and he was threatened with disciplinary action when he asked to return to his cell to retrieve his eating utensils. To prove a cause of action under 1983, Plaintiff must demonstrate that prison officials acted with a discriminatory purpose. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995). "Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Id., citing United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992).

Plaintiff has failed to allege a discriminatory purpose. Plaintiff states no facts that indicate Defendants intended to adversely impact his race. Rather, Plaintiff rests his claim only on his personal belief that discrimination played a role in the alleged threat of

punishment if he returned to his cell to retrieve his eating utensils.

Accordingly, Plaintiff has failed to allege a viable equal protection claim and this claim should be dismissed as frivolous.

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official

must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff complains that he was unable to eat his meal satisfactorily without his cup and spoon. Specifically, he claims he was denied juice and was forced to eat with his hands. After considering the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Furthermore, Plaintiff has not shown that Defendants' conduct was deliberately indifferent. He states he was unable to eat one meal satisfactorily without his spoon and he was denied juice one time because he did not have his cup. There has been no allegation that

Defendants disregarded an excessive risk to the Plaintiff's health or safety by failing to take reasonable measures to abate it. <u>Farmer</u>, 114 S.Ct. 1970.

The denial of a single meal is not a deprivation of life's basic necessities and the actions on the part of Defendants do not evidence an attitude of deliberate indifference. Thus, Plaintiff's claim has failed to satisfy the second requirement of an Eighth Amendment claim.

**Intimidation**

Plaintiff alleges Sgt. Reed attempted to have him deny the incident occurred through intimidation. The Eighth Amendment prohibition of cruel and unusual punishment proscribes wanton infliction of unnecessary pain upon a prisoner by prison officials. However, verbal abuse and harassment do not constitute cruel and unusual punishment as contemplated by the Eighth Amendment, and allegations of such, without more, are insufficient grounds for relief under 42 U.S.C. § 1983. <u>See</u> <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979); <u>Ellingburg v. Lucas</u>, 518 F.2d 1196 (8th Cir. 1975). Moreover, the Fifth Circuit held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." <u>Lynch v Cannatella</u>, 810 F.2d 1363, 1376 (5th Cir. 1987) (citing <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983)). Furthermore, Plaintiff's challenge to Sgt. Reed's intimidation does not present a claim of physical injury and therefore fails to state an excessive force claim. <u>See</u> <u>Gomez v. Chandler</u>, 163 F.3d 921 (5th Cir. 1999). Even if Plaintiff has been subjected to intimidation as alleged, this claim does not amount to harm sufficient to constitute a constitutional violation.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of June 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE